[No. 19122. Department One.—August 15, 1893.]

## CHARLES A. SMITH, RESPONDENT, *v.* BOARD OF SUPERVISORS OF SAN BERNARDINO COUNTY, APPELLANT.

BRIDGE CONTRACT WITH COUNTY—PRESENTATION AND REJECTION OF IMPROPER CLAIM—SUBSEQUENT PRESENTATION OF PROPER CLAIM—MANDAMUS TO SUPERVISORS.—Where a contract with a county for bridge work provided that the contract price was payable upon the presentation of the written certificate of the superintendent of construction that the bridge had been erected and completed in every respect in accordance with the terms of the contract, and that the contractor should be paid in warrants drawn upon a particular road district fund, the presentation and rejection of a claim against the county for the contract price, which failed to have the superintendent's certificate attached, is not a bar to action by the supervisors upon a subsequent claim, which has a copy of the contract and the superintendent's certificate attached, and which is presented as a claim against the fund mentioned in the contract, and asks for warrants upon such fund, and the supervisors may be compelled by mandamus to act upon such second claim.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*T. J. Fording, J. P. Hight, Fording & Hight,* and *Harris & Gregg,* for Appellant.

*John W. Mitchell,* for Respondent.

GAROUTTE, J. — This is an appeal from a judgment of the superior court of the county of San Bernardino commanding the board of supervisors of said county to take action on the claim of plaintiff, filed on the twenty-seventh day of October, 1891, before the said board of supervisors, by approving or rejecting the claim. Plaintiff filed a claim against the county of San Bernardino based upon the same contract which is relied upon in the present litigation, and the claim was rejected by the board. After six months had expired from the date of such rejection, but within one year from the date when the liability accrued, plaintiff filed a second claim based upon the same contract. The board of supervisors refused either to reject or approve this claim, upon the ground that the same claim had been previously rejected and the law did not require further action in the premises, and this proceeding by mandamus followed.

There is no issue of fact in the case. Both claims are before the court, and the only question to be determined is, Upon a comparison can it be said that there is a material difference between these claims? We believe they differ in important respects. The contract for the bridge work provided, among other things, that the contract price was payable upon the presentation of the written certificate of the superintendent of construction of said bridge, that said bridge has been erected and completed in every respect in accordance with the terms of the contract. The production of the certificate of the superintendent of construction before the board of supervisors was a necessary condition to the allowance of the claim. This certificate, bearing date October 27, 1892, is attached to the second claim presented, but was not attached to the first, and, viewed in the light furnished by its date, could not have been issued at that time.

Again, the contract provides that the contractor shall be paid in warrants drawn upon the fund known as the First Road District Fund of San Bernardino County. The second claim is presented upon that basis, and asks for warrants upon such fund, but the original claim was against San Bernardino County and for the sum of five thousand five hundred and fifty dollars. There may have been, and very probably was, a material difference in the value of warrants drawn upon the various road district funds of the county. · The claim upon its face, if indicating anything in this regard, would suggest that a warrant upon the general fund of the county rather than upon any special road district fund was expected and claimed. Upon a careful inspection of the first claim presented, we are not prepared to say that upon its rejection by the board of supervisors it was sufficient upon its face, even aside from the lack of the certificate of the superintendent of construction, to support an action for the recovery of a judgment of five thousand five hundred dollars from the county, to be paid in warrants at par drawn upon the fund known as the First Road District Fund of San Bernardino County. Those were the provisions of the contract, and the claim should have been sufficiently full and explicit to form the basis of such an action. The second claim presented appears to cover all these grounds, and in addition thereto a copy of the contract is attached. For these reasons, we conclude that the claims are materially different.

Let the judgment be affirmed

HARRISON, J., and PATERSON, J., concurred.